UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. HORN, | ) | CASE NO. 1:22-CV-01694 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | OPINION AND ORDER |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

  This matter is before the Court on the Proposed Stipulation to Award EAJA Fees pursuant to 28 U.S.C. § 2412.  (ECF # 11.)  For the following reasons, the Court **DENIES WITHOUT PREJUDICE** the fee award.

  This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying Plaintiff's Disability Benefits.  On March 14, 2023, the Court entered an Order remanding the matter to the Commissioner for further administrative proceedings.  (Doc. 10).  On March 31, 2023, the parties filed a two-page stipulation invoking the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") to have the Court award Plaintiff $2,913.75 for attorney fees.  (Doc. 11).

  The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b).  While the Court appreciates the parties' negotiated settlement of the fee amount, it is mindful of the admonition of the Sixth Circuit that it should not rubber

1

stamp awards of EAJA attorney fees and expenses. See *Begley v. Secretary of Health & Human Servs.,* 966 F.2d 196, 200 (6th Cir. 1992). Further, in EAJA matters, Congress intended that the courts be the gatekeepers of the government's fiscal obligations. See 28 U.S.C. 2412(d)(1)(B); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("[i]t remains for the district court to determine what fee is 'reasonable'").

The Court requires, even in the context of a negotiated settlement of the amount of fees, that Plaintiff adhere to the statutory requirement to produce "an itemized statement . . . stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. 2412(d)(1)(B). Requiring the statement permits the Court to meaningfully review and exercise its authority to award reasonable fees.

Accordingly, because the Stipulation for Award of Attorney Fees Under the Equal Access to Justice Act is devoid of any evidence upon which the Court can meaningfully determine whether the negotiated amount is reasonable, it is **DENIED WITHOUT PREJUDICE.** Plaintiff is encouraged to resubmit the Stipulation with appropriate evidence for the Court's consideration.

**IT IS SO ORDERED.**

    /s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: May 10, 2023**